UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD JONES AND JAMES E. WHITE, | Case No. 04-60184 |
| Plaintiffs, | Hon. Marianne O. Battani |
| vs. | |
| | Mag. Judge Capel |
| MARY J. BLIGE, ANDRE ROMMELL YOUNG P/K/A DR. DRE, BRUCE MILLER, CAMARA KAMBON, ASIAH LEWIS, LUCHANA N. LODGE, MELVIN BRADFORD, MICHAEL ELIZONDO, UNIVERSAL-MCA MUSIC PUBLISHING, UNIVERSAL MUSIC GROUP, INC. AND JOHN DOES 1 THROUGH 10, | |
| Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS UNIVERSAL-MCA MUSIC PUBLISHING, UNIVERSAL MUSIC GROUP, INC. AND MARY J. BLIGE'S MOTION TO BIFURCATE**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.   INTRODUCTION ........................................................................................................1

II.  FACTUAL BACKGROUND.......................................................................................1

III. ARGUMENT................................................................................................................3

   A.   Bifurcation Under Rule 42(a) Is Proper When Evidence Of Damages And Liability Is Wholly Unrelated; Copyright Infringement Actions Present Such A Scenario......................................................................................................3

   B.   Plaintiffs' Position Represents A Fundamental Misunderstanding Of Copyright Law; The Amount Of Sales Of An Allegedly Infringing Work Does Not, In Any Way, Establish Liability ..........................................................4

   C.   Plaintiffs' Counsel Has Already Agreed To Stay Damages Discovery In Another Copyright Infringement Case Before This Court ...................................5

IV.  CONCLUSION.............................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Cravens v. County of Wood, Ohio*, 856 F.2d 753 (6th Cir. 1988) .................................................... 3

*Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993) ...................................................... 3

*Helminski v. Ayerst Laboratories*, 766 F.2d 208 (6th Cir. 1985) .................................................... 3

*Hines v. Joy Manufacturing Co.*, 850 F.2d 1146 (6th Cir. 1988) .................................................... 3

*Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312 (6th Cir. 2004) ........................................................................................................................ 4, 5

*Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 WL 609326 (N.D. Ill. March 23, 2004) ................................................................................................... 3, 4

**Statutes**

17 U.S.C. § 106 .................................................................................................................... 4

**Other Authorities**

*Goldstein on Copyright* (3rd ed. 2005) ............................................................................... 3

**Rules**

Fed. R. Civ. P. 42 ............................................................................................................ 1, 3

## I. INTRODUCTION

The UMG Defendants'[1] Motion to Bifurcate seeks, at a minimum, bifurcation of discovery into liability and damages phases. The UMG Defendants propose that the parties complete the remaining liability discovery, proceed with dispositive motion practice, and if the claim survives, then turn to damages discovery.

As held by the Sixth Circuit, bifurcation under Fed. R. Civ. P. 42(a) is appropriate here because the evidence concerning liability is wholly separate and unrelated to the evidence of damages. Plaintiffs' incorrectly claim that they need evidence of the amount of sales of the allegedly infringing work, a song entitled "Family Affair" by the recording artist Mary J. Blige, to establish liability. But evidence of sales, royalties and profits, which solely form the basis of Plaintiffs' damages claim, have nothing to do with the issues of "access" and "substantial similarity", the elements Plaintiffs must show to establish copyright infringement. Given the incorrect premise of Plaintiffs' opposition, this Court should apply well established Sixth Circuit precedent that bifurcation is an appropriate and necessary application of Rule 42(a) where, as here and in virtually all copyright cases, the evidence of damages and liability is unrelated.

Bifurcation will also conserve resources for both this Court and the parties. Discovery on damages, which inevitably will be complex and time-consuming, may never be needed if this Court grants summary judgment.

## II. FACTUAL BACKGROUND

There are a number of misrepresentations contained in Plaintiffs' response concerning the discovery process in this case. The UMG Defendants have conclusively refuted all of Plaintiffs' unwarranted accusations in briefing already before this Court. Rather than repeat themselves here, the UMG Defendants incorporate by reference all of the facts set forth in their Response Brief in

---

[1] The "UMG Defendants" are Universal-MCA Music Publishing, Universal Music Group, Inc. and Mary J. Blige.

1

Opposition to Plaintiffs' Motion for an Enlargement of Time to Submit Expert Damages Report, set forth at pages 2-6, which was filed on March 8, 2006.[2]

In short, Plaintiffs resort to attacking the UMG Defendants for Plaintiffs' own failure to produce an expert report on damages. Contrary to Plaintiffs allegations, the UMG Defendants most certainly produced discovery, boxes of royalty and sales documents, and did so with the understanding that the production satisfied Plaintiffs' requests. Plaintiffs said nothing about needing more information to produce their expert damages report until nearly three months **after** the due date. That is Plaintiffs' fault, not that of the UMG Defendants.

The UMG Defendants then proposed bifurcating further liability and damages discovery, proceeding with dispositive motion practice, and then resuming discovery in the event the Court denied summary judgment. Logic dictated that Plaintiffs would be willing to entertain such a proposal given their failure to submit an expert damages report. Moreover, since this approach would save resources for both parties, the UMG Defendants believed it to be a reasonable proposal. After all, why would Plaintiffs want to spend time and money on lengthy and complex damages discovery if there was a possibility that their case could be dismissed on summary judgment?

Instead of agreeing to this reasonable proposal, and realizing that they made a tactical error by not submitting an expert report on damages, Plaintiffs attacked the UMG Defendants. That attack was unwarranted and defies the reality of what has transpired. The parties now have had to engage in needless motion practice when the logical and reasonable solution is to bifurcate discovery in this action between liability and damages.

---

[2] Plaintiff's Motion for Enlargement of Time is set to be heard by this Court concurrently with the UMG Defendants' Motion to Bifurcate.

2

## III.  ARGUMENT

A.  **Bifurcation Under Rule 42(a) Is Proper When Evidence Of Damages And Liability Is Wholly Unrelated; Copyright Infringement Actions Present Such A Scenario**

Plaintiffs ignore the well established principle set forth by the Sixth Circuit in a broad array of cases that bifurcation between liability and damages is an appropriate and logical application of Rule 42(a). *See, Gafford v. General Electric Co.*, 997 F.2d 150, 172 (6th Cir. 1993); *Cravens v. County of Wood, Ohio*, 856 F.2d 753, 755 (6th Cir. 1988); *Hines v. Joy Manufacturing Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988); *Helminski v. Ayerst Laboratories*, 766 F.2d 208, 212 (6th Cir. 1985). The reason is simple – when the evidence relating to liability and damages is unrelated, the parties and the Court conserve resources and expedite the litigation, a principal concern of Rule 42(a). *See, Gafford*, 997 F.2d at 172; *Cravens*, 856 F.2d 755. The avoidance of unnecessarily litigating liability and damages together, when those issues are unrelated, is the prejudice that Rule 42(a) seeks to avoid. *See, Hines*, 850 F.2d at 1150.

Plaintiffs further ignore the fact that copyright infringement cases are ideal candidates for bifurcation of discovery between liability and damages because the evidence regarding those issues is wholly unrelated. *See, Goldstein on Copyright*, § 16.5 (3rd ed. 2005).

These principals underlined one federal district court's recent decision in a copyright infringement action to order bifurcation, *sua sponte*, of discovery between liability and damages. In *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 WL 609326 (N.D. Ill. March 23, 2004) (attached as **Exhibit 1**), the court reiterated the basic premise of why bifurcation in copyright cases is appropriate, stating that "[s]eparating the issues of liability and damages for the purpose of discovery will avoid unnecessary time and expense and further the interest of expedition by expediting the decision on liability." *Id.* at *2. The court then held that bifurcation was needed to promote the goals of Rule 42(a) of "convenience, expedition and economy" and was appropriate because "evidence necessary to establish liability will nominally, if at all, overlap

3

with evidence relating to damages and therefore the risk of duplication and delay is minimal." *Id.*

In this case, it is certain that the virtues of bifurcation, as set forth by the Sixth Circuit and the *Ocean Atlantic* court, conservation of resources and expedition of the litigation, will be accomplished if this Court orders bifurcation. Moreover, as stated by *Ocean Atlantic*, since the evidence establishing liability in copyright cases "will nominally, if at all, overlap with evidence relating to damages", there is no risk of prejudice to Plaintiffs. *Id.* at *2. If Plaintiffs desire more information on damages, that issue can be litigated after the summary judgment phase of the case.[3] Bifurcation makes the most sense from an economical and logical perspective because the parties can concentrate, for the time being, on liability issues, which in all likelihood will be dispositive. *See*, The UMG Defendants' Brief in Support of Motion to Bifurcate, filed on February 13, 2006, p. 9.

### B.  Plaintiffs' Position Represents A Fundamental Misunderstanding Of Copyright Law; The Amount Of Sales Of An Allegedly Infringing Work Does Not, In Any Way, Establish Liability

Plaintiffs never cogently explain how or why the evidence of liability and damages in copyright infringement cases is related. The best Plaintiffs can come up with is their anomalous claim that to find liability, the fact finder must weigh the "degree or amount of copying" by examining sales records. *See*, Plaintiffs' Response Brief, p. 10. Simply put, that is not the law.

A copyright owner has certain exclusive rights to produce and distribute the protected work. 17 U.S.C. § 106(1)-(3). A plaintiff establishes a *prima facie* case of infringement if he or she establishes ownership of the copyrighted creation and that the defendant copied it. *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004).

---

[3] If this case goes to trial, the Court could either consolidate liability and damages for trial, or could still maintain a bifurcated approach to the trial of the matter. The jury could decide liability first, and upon such a finding, the parties could then proceed to proofs on to the issue of damages, which will involve wholly separate witnesses (i.e., accountants and damages experts) and separate documentary evidence (i.e., sales and royalty statements, etc.). Regardless of the Court's trial approach, the main objective of the UMG Defendants' bifurcation motion is to stay discovery on damages for now and litigate whether the UMG Defendants are entitled to summary judgment.

4

In this case, Plaintiffs claim copyright ownership in their alleged work, and seek to show "copying" by proving (1) that Defendants had "access" to Plaintiffs' work and (2) a "substantial similarity" between the two songs at issue. *See, Murray Hill*, 361 F.3d at 316 (setting forth elements of "copying"). There is no dispute in this case that the alleged infringing work, "Family Affair", was performed by Blige and was distributed for sale by the UMG Defendants. Thus, if Plaintiffs successfully prove that their alleged work was "copied" by "Family Affair", they will establish infringement. *See id.* There is no need to examine how many copies of "Family Affair" were sold or performed to show "copying". The question of how many units sold of "Family Affair" only deals with the question of damages, not infringement.

### C. Plaintiffs' Counsel Has Already Agreed To Stay Damages Discovery In Another Copyright Infringement Case Before This Court

In a copyright infringement case before Hon. Victoria A. Roberts involving parties represented by Plaintiffs' counsel (Gregory Reed and Stephanie Hammonds) and certain UMG entities (represented by Daniel Quick and Michael Socha), Judge Roberts recently ordered bifurcation of discovery on liability and damages. **Exhibit 2**, Scheduling Order in *Fharmacy Records, et al. v. Earl "DMX" Simmons, et al.*, Case No. 05-72126. Plaintiffs' counsel did not object to bifurcation there, but does so here. These inconsistent positions cannot be reconciled.

### IV. CONCLUSION

The UMG Defendants respectfully request that this Court enter an order of bifurcation, staying all damages discovery until this Court determines the merits of the UMG Defendants' forthcoming motion for summary judgment.

Respectfully Submitted,
/s/ Michael D. Socha
Michael D. Socha (P64668)
*Attorneys for The UMG Defendants*
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
Dated: March 17, 2006         msocha@dickinsonwright.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to:

Gregory J. Reed, Esq.  
Gregory J. Reed Assoc.  
1201 Bagley Avenue  
Detroit, MI   48226  
*Counsel for Plaintiffs*

Stephanie L. Hammonds, Esq.  
Law Offices of Stephanie L. Hammonds  
719 Griswold, Suite 820  
Detroit, MI   48226  
*Co-Counsel for Plaintiffs*

Jeffrey A. Sadowski, Esq.  
Howard & Howard, PC  
39400 Woodward Avenue, Suite 101  
Bloomfield, MI   48304  
*Counsel for Defendants Lewis and Lodge*

Jay C. Kakaty  
Einheuser & Associates, P.C.  
26026 Woodward Ave.  
Royal Oak, MI 48067  
*Counsel for proposed intervenor, Dannie Longmire*

/s/ Michael D. Socha  
Daniel D. Quick (P48109)  
Michael D. Socha (P64668)  
*Attorney for Defendants Universal-MCA Music Publishing and Universal Music Group, Inc., Mary J. Blige*  
38525 Woodward Avenue, Suite 2000  
Bloomfield Hills, MI   48304  
(248) 433-7200  
dquick@dickinsonwright.com  
msocha@dickinsonwright.com

DETROIT 46456-8 926530v2

6