UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD JONES, JAMES E. WHITE and
DANNIE LONGMIRE,

    Plaintiffs,

-vs-

MARY J. BLIGE, ASIAH LEWIS,
LUCHANA N. LODGE, UNIVERSAL-MCA
MUSIC PUBLISHING, UNIVERSAL MUSIC
GROUP, INC.

    Defendants.

Case No. 04-60184

Hon. Marianne O. Battani

Magistrate Judge Capel

_____/

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS UNIVERSAL MUSIC CORP., SONGS OF UNIVERSAL, INC., UMG RECORDINGS, INC. AND MARY J. BLIGE'S MOTION FOR ATTORNEY FEES AND COSTS UNDER 17 U.S.C. § 505

1

# **TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES ..................................................................................... ii

I.   INTRODUCTION ........................................................................................... 1

III. ARGUMENT .................................................................................................... 1

    A.   This Motion is Timely Under Recent Sixth Circuit Precedent ............. 1

    B.   Plaintiffs' Tacitly Admit That Their Position Concerning The Lyrics is Legally Unsupportable and Sanctionable ............................................. 3

    C.   Plaintiffs' Never Plead or Attempted To Prove Credible Access ......... 4

    D.   The Evidence of Independent Creation Was Overwhelming; Plaintiffs Should Have Dismissed Their Suit ........................................................ 5

IV.  CONCLUSION ................................................................................................ 5

# INDEX OF AUTHORITIES

## Cases

*Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792 (6th Cir. 2005) ................................ 3

*Browder v Dir., Dept. of Corr.*, 434 U.S. 257 (1978) ................................ 2

*Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002) ................................ 3

*Dimmie v. Carey*, 88 F.Supp.2d 142 (S.D.N.Y. 2000) ................................ 4

*Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir. 1982) ................................ 2

*Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002) ................................ 2

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46 (2nd Cir. 2003) ................................ 4

*Meta-Film Assoc., Inc. v. MCA, Inc.*, 586 F. Supp. 1346 (C.D. Cal. 1984) ................................ 4

*Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005) ................................ 1, 2

*Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003) ................................ 3

*Tisi v. Patrick*, 97 F.Supp.2d 539 (S.D.N.Y. 2000) ................................ 4

*Towler v. Sayles*, 76 F.3d 579 (4th Cir. 1996) ................................ 4

## Rules

E.D. Mich. L.R. 7.1 ................................ 2

Fed. R. Civ. P. 54 ................................ 1, 2, 3

Fed. R. Civ. P. 56 ................................ 5

Fed. R. Civ. P. 59 ................................ 1

## I.   INTRODUCTION

Plaintiffs failed to state any reasons why this Court should not award Defendants their attorney fees and costs under 17 U.S.C. § 505. Plaintiffs' pursuit of their legally unsupportable positions was "objectively unreasonable."

First, Plaintiffs' argument on the timeliness of Defendants' motion is belied by recent Sixth Circuit precedent. Second, Plaintiffs' position of the alleged substantial similarity of the lyrics of "Family Affair" and "Party Ain't Crunk" is untenable in light of their failure to respond to requests for admissions, and an objective comparison of the two songs. Third, Plaintiffs never alleged, and never developed any credible facts, demonstrating any sort of nexus between their alleged point of access at Universal and the creative team for "Family Affair." Finally, the producer of "Family Affair" testified unequivocally that he created the music for "Family Affair" well before Plaintiffs' song even existed; knowing this, Plaintiffs should have dismissed their case. Defendants should be awarded their attorney fees and costs under 17 U.S.C. § 505.

## III.   ARGUMENT

### A.   This Motion is Timely Under Recent Sixth Circuit Precedent

Plaintiffs' argument concerning the alleged untimeliness of Defendants' motion for attorney fees under 17 U.S.C. § 505 is legally unsupportable. The Sixth Circuit recently dismissed this very argument, holding that a timely filed motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) "destroys the finality of judgment," and thus, a motion for attorney fees filed under Rule 54(d)(2)(B) "is timely filed if filed within fourteen days of the order disposing of the Rule 59(e) motion." *Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685, 691 (6th Cir. 2005). That is exactly what occurred here.

On November 17, 2006, this Court granted summary judgment in favor of Defendants and entered judgment that same day. Plaintiffs had 10 days to file a motion for reconsideration.

1

E.D. Mich. L.R. 7.1(g)(1).  On December 4, 2006, Plaintiffs Jones and White filed a timely motion for reconsideration of that order and judgment, which is a motion to alter or amend this Court's judgment under Rule 59(e).  *See*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  Plaintiffs' timely filed Rule 59(e) motion "operate[d] to suspend the finality of the [District] court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Browder v Dir., Dept. of Corr.*, 434 U.S. 257, 267 (1978).  On January 9, 2007, when this Court denied Plaintiffs' motion for reconsideration, the 14-day period under Rule 54 (d)(2)(B) within which Defendants could file their motion for attorney fees under 17 U.S.C. § 505 began to run.  Defendants filed this motion on January 23, 2007, exactly 14 days later.  Under controlling Sixth Circuit precedent, Defendants' motion is timely.  *See*, *Miltimore Sales, Inc.*, 412 F.2d at 691.

Plaintiff Longmire separately argues that Defendants' motion for attorney fees is not timely as to him because he did not file a motion for reconsideration and does not plan to appeal. This argument is also legally unsupportable.  Under Rule 54 (b), in a claim involving multiple parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties **only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment**." (emphasis added).  This Court entered no order stating the judgment shall be considered final as to Plaintiff Longmire during the pendency of the motion for reconsideration filed by Plaintiffs Jones and White.  The filing of the motion for reconsideration by Defendants Jones and White "destroyed the finality of [this Court's] judgment." *See*, *Miltimore Sales, Inc.*, 412 F.2d at 691.  Plaintiff Longmire could not appeal, even if he wanted to, and it was as if no judgment had been entered from which

2

Defendants could even file a motion for attorney fees under Rule 54(d)(2)(B). *See id.* The suspension of the finality of the judgment, therefore, applied all parties.

B. **Plaintiffs' Position Concerning Substantial Similarity of the Lyrics is Legally Unsupportable and Sanctionable**

This Court conducted a simple comparison of the lyrics of "Family Affair" and "Party Ain't A Party" and concluded that they lyrics were, as a matter of law, not substantially similar. Order Granting Defendants' Motion for Summary Judgment, pp. 9-10. The dissimilarity of the lyrics is so obvious that Plaintiffs' continued pursuit of this legally and factually unsupportable position is "objectively unreasonable." *See, Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807-08 (6th Cir. 2005); *Coles v. Wonder*, 283 F.3d 798, 802-804 (6th Cir. 2002).

Plaintiffs also failed to respond to requests for admissions on the substantial similarity of the lyrics, but continued to claim substantial similarity throughout this litigation. That is also "objectively unreasonable." Plaintiffs tacitly admit that failing to respond to such simple requests for admissions, yet continuing to claim substantial similarity, is unreasonable because now, for the first time, they claim that they never were served with the relevant requests for admissions. *See*, Plaintiffs White's and Jones' Response, p. 13. Plaintiffs never raised this in their briefing on summary judgment, or in their motion for reconsideration. Plaintiffs' argument of convenience is not credible, and should be disregarded.

Finally, concerning the alleged survey of Afan Bapacker, he was never disclosed on the witness list, and his testimony should be ignored. *See, Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (undisclosed expert not permitted to testify). Therefore, Plaintiffs' claim that they submitted Mr. Bapacker's affidavit and report in compliance with the court rules is also "objectively unreasonable."

3

### C. Plaintiffs' Never Plead or Attempted To Prove Credible Access

Plaintiffs claimed that they submitted a CD containing their song, "Party Ain't Crunk," to Andy McKaie of Universal. Exhibit 1, White Dep., p. 58-65; 138.[1] Even though McKaie works for a Universal entity, that fact, standing along, means nothing. The ultimate question Plaintiffs had to answer concerning access was whether McKaie had any "nexus" to Blige or the creative team for "Family Affair." *See, Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 53 (2nd Cir. 2003); *Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996); *Tisi v. Patrick*, 97 F.Supp.2d 539, 547-48 (S.D.N.Y. 2000); *Dimmie v. Carey*, 88 F.Supp.2d 142, 146 (S.D.N.Y. 2000); *Meta-Film Assoc., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1357 (C.D. Cal. 1984). Plaintiffs never alleged or attempted to prove the "nexus" between McKaie and "Family Affair." Plaintiffs never bothered to take discovery on this issue, nor did their Complaint contain any credible allegations of how McKaie or his staff were involved in Family Affair. As it turns out, they were not. For this reason, Plaintiffs' claims, from the very outset, were "objectively unreasonable."[2]

Plaintiffs leap to the conclusion that some unnamed person within McKaie's department could have transmitted the CD to someone associated with "Family Affair" because that department has offices on the east and west coasts. Plaintiffs White's and Jones' Response, pp. 14-15. The problem with Plaintiffs' argument is simple: They presented no evidence of any of this occurring. Plaintiffs continue to allege the same "tortuous chain of hypothetical transmittals" that are not supported by a "shred of evidence," which led to the dismissal of their claim on access. *See, Meta-Film Assoc., Inc.*, 586 F. Supp at 1355.

---

[1] All exhibits referenced herein correspond to those attached to Blige's and Universal's brief in support of Motion for Summary Judgment, filed on July 24, 2006.

[2] The lack of an alleged "nexus" is the difference between this case and *Cottril v. Spears*, 2003 US Dist LEXIS 8823 (E.D. Pa. May 22, 2003), cited by Plaintiff Longmire. In *Cottril*, the person that the plaintiffs' gave their song to had an established relationship with the alleged infringer. Here, McKaie had no such relationship.

4

Plaintiffs also claim that Defendants should have submitted more declarations from others associated with McKaie. But Defendants submitted declarations of the only two at Universal whom White claims to have had contact with: McKaie and Frederick. It is up to **Plaintiffs** to present evidence to withstand a motion for summary judgment. *See*, Fed. R. Civ. P. 56(c). Chastising Defendants for not producing more evidence on this point is illogical.

### D. The Evidence of Independent Creation Was Overwhelming; Plaintiffs Should Have Dismissed Their Suit

It is undisputed that Andre Young (p/k/a "Dr. Dre") created the music for "Family Affair" between September 13, 2000 and January 10, 2001. Ex. 10, Young Dep., pp. 13-14; 19-20; Ex. 12, Studio Logs; Ex. 13, CD produced by Young. This was well before Longmire created "Jack 216," the music that eventually became "Party Ain't Crunk," which was not created until sometime between March and April 2001. Ex. 2, Longmire Dep., pp. 59-60, 63-65. Given this evidence, Plaintiffs cannot seriously suggest that "Family Affair" infringed upon "Party Ain't Crunk". When Plaintiffs learned this, they should have dismissed this case, knowing that they could not make a credible argument concerning infringement.

### IV. CONCLUSION

For all of the foregoing reasons, Defendants Blige and Universal request that this Court order that Defendants are entitled to an award of attorney fees and costs under 17 U.S.C. § 505, and set a scheduling order providing for a date by which Defendants may submit a bill of costs.

Respectfully Submitted,
DICKINSON WRIGHT PLLC
By: /s/ Michael D. Socha
    *Attorneys for Blige and Universal*
38535 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 433-7200
msocha@dickinsonwright.com
Attorney No. 64668

Dated: February 23, 2007

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to:

Gregory J. Reed, Esq.
Gregory J. Reed Assoc.
1201 Bagley Avenue
Detroit, MI 48226
*Counsel for Plaintiffs Jones
and White*

Stephanie L. Hammonds, Esq.
Law Offices of Stephanie L. Hammonds
719 Griswold, Suite 820
Detroit, MI 48226
*Co-Counsel for Plaintiffs Jones
and White*

John P. Seurynck
Dickinson Wright, PLlC
38525 Woodward Avenue
 Suite 2000
Bloomfield Hills, MI 48304
*Counsel for Defendants Lewis and Lodge*

Jay Kakaty, Esq.
Einheuser & Assoc.
2026 Woodward Avenue
Royal Oak, MI 48067
*Counsel for Intervening Plaintiff Longmire*

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: /s/ Michael D. Socha
 *Attorneys for Blige and Universal*
38525 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304
(248) 433-7200
msocha@dickinsonwright.com
Attorney No. 64668

Dated: February 23, 2007